UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDER PRETEI,

Petitioner,

vs.

Case No. 8:13-CV-207-T-27AEP
Crim Case No. 8:11-CR-372-T-27AEP

UNITED STATES OF AMERICA,

Respondent.
_____/

ORDER

**BEFORE THE COURT** is Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and "Memorandum of Points and Authorities in Support of Petitioner's 28 USC 2255 Application" (CV Dkt. 2). All three of Petitioner's grounds are premised on the recent decision in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), in which the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") was found unconstitutional as applied to drug-trafficking activities "in the territorial waters of Panama." *Id.* at 1258. In this case, however, the vessel on which Petitioner was found was engaged in drug trafficking in international waters, distinguishing it from *Bellaizac-Hurtado*.

After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[1] it is apparent that the motion is due to be summarily denied because it plainly appears from the motion and record of prior proceedings that Petitioner is not entitled to relief.

---

[1] Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

*Procedural History*

Petitioner pleaded guilty to conspiracy to possess with intent to distribute and to distribute

five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United

States (Count One) and possession with intent to distribute five (5) kilograms or more of cocaine

while on board a vessel subject to the jurisdiction of the United States (Count Two) (CR Dkts. 68,

71). He was sentenced to 60 months in prison on Count One and 144 months on Count Two,

concurrent, followed by concurrent terms of 60 months of supervised release. (CR Dkt. 133).

Judgment was entered March 28, 2012. (CR Dkt. 135). There was no appeal.

Since Petitioner did not appeal, his conviction became final on April 11, 2012. *See Adams*

*v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) (conviction final when time for filing

appeal expires). Petitioner's § 2255 motion was signed on January 16, 2013 and is deemed filed that

day under the "mailbox rule." *Id.* at 1341. The motion is therefore timely.

In his § 2255 motion, Petitioner raises three grounds:

Ground One: "Petitioner's Indictment Must be Dismissed for Lack of Jurisdiction and Because of the Unconstitutionality of the Maritime Drug Law Act in Light of *United States v. Bellaizac-Hurtado*, No. 11-14049 (11th Cir. November 6, 2012)"

Ground Two: "Petitioner is Actually and Factually Innocent of his Conviction Because of the Unconstitutionality of the Maritime Drug Law Act in Light of *United States v. Bellaizac-Hurtado* "

Ground Three: "Trial counsel rendered ineffective assistance of counsel for failing to raise above issues One and Two"

**Procedural Default**

A claim that was available but was not raised in the district court or on appeal is procedurally

defaulted from consideration on collateral review, absent cause and prejudice. *McCoy v. United*

*States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152 (1982). To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, a petitioner must demonstrate factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623-24.

Petitioner's first two claims are procedurally defaulted because he failed to raise them in the district court or on appeal. Absent a showing of cause for failing to raise them and actual prejudice arising from that failure, these claims are subject to dismissal. *See Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). To the extent Petitioner contends that ineffective assistance was the cause for his procedural default, that contention is without merit.

At the time of Petitioner's conviction, controlling Circuit precedent had expressly rejected the argument that Congress exceeded its authority in enacting the MDLEA and that application of the MDLEA to drug trafficking on the high seas was unconstitutional. *See United States v. Saac*, 632 F.3d 1203 (11th Cir.), *cert. denied*, 132 S.Ct. 139 (2011); *United States v. Estupinan*, 453 F.3d 1336 (11th Cir. 2006). Counsel could not have been ineffective in failing to raise a claim which controlling Circuit precedent had already rejected.

Moreover, during his guilty plea hearing, Petitioner admitted that the vessel on which he was

found was interdicted in <u>international</u> waters.[2]  The holding in *United States v. Bellaizac-Hurtado*

applies only to MDLEA prosecutions of drug trafficking in the <u>territorial</u> waters of a foreign country.

Petitioner therefore cannot establish prejudice resulting from counsel's failure to challenge

application of the MDLEA.  Even if the Grounds One and Two are not procedurally defaulted, they

have no merit and are subject to summary dismissal.

### *Ground One*

Ground One:   "Petitioner's Indictment Must be Dismissed for Lack of Jurisdiction and
Because of the Unconstitutionality of the Maritime Drug Law Act in Light of
*United States v. Bellaizac-Hurtado*, No. 11-14049 (11th Cir. November 6,
2012)"

As demonstrated by the change of plea transcript, Petitioner pleaded guilty and expressly

agreed that the factual basis supporting the charges to which he was pleading guilty were true (CR

Dkt. 156, p. 42).  Specifically, he confirmed under oath that the self propelled semi-submersible

vessel on which he was found was "operating in international waters in the Carribean Sea

---

[2] During the Rule 11 plea colloquy, the prosecutor summarized the factual basis for the charges:

"The evidence would show that on July 13, 2011, each of these three Defendants
and their co-defendants were on board a stateless vessel that is described as a self-
propelled semi-submersible vessel, *operating in international waters in the
Caribbean Sea approximately 24 nautical miles off the coast of Honduras*."

(CR Dkt. 178, p. 40-41)(*emphasis added*).

The magistrate judge then questioned Petitioner:

THE COURT:           Do you have any disagreement with any of those facts?

DEFENDANT PRETEI:   No.
                              . . .
THE COURT:           Are those facts true?

DEFENDANT PRETEI:   Yes.

(CR Dkt. 178, p. 42-43).

approximately 24 nautical miles off the coast of Honduras" (CR Dkt. 156, pp. 41-43). The vessel was stateless, none of the occupants claimed a nationality for the vessel, and it was carrying approximately 15,000 pounds of baled cocaine. (Id. at p. 41-42). Accordingly, the United States had jurisdiction over the vessel under the MDLEA. *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003); *United States v. Saac*, *supra*; *United States v. Estupinan*, 453 F.3d at 1339 n.2 ("vessel subject to the jurisdiction of the United States" includes "a vessel without nationality,")(citing 46 U.S.C. app. § 1903(c)(1)(A)). Petitioner's contention that there was no subject matter jurisdiction is therefore without merit.

And his contention that the MDLEA was unconstitutional *as applied* has no merit. In his affidavit, Petitioner avers that the vessel was in the territorial waters of Honduras (CV Dkt. 3). These statements flatly contradict the facts he swore were true during his change of plea hearing. As noted, when he pleaded guilty, he admitted under oath that the vessel on which he was found was operating in international waters in the Carribean 24 nautical miles off the coast of Honduras.

Petitioner's sworn statements made during his plea hearing, along with the findings made by the judge accepting his plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). There is a strong presumption that the statements he made during his plea colloquy are true. *United States v Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citing *United States v. Gonzalez-Mercado*, 808 F.2d 796, 799-800 n.8 (11th Cir. 1987)). This presumption is not overcome by a bald assertion of misunderstanding, *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988); *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986), or a contention that they were false. *United States v. Stitzer*, *supra*.

Ground One is due to be denied because it plainly appears from record that Petitioner is not

entitled to relief.

### Ground Two

Ground Two: "Petitioner is Actually and Factually Innocent of his Conviction Because of the Unconstitutionality of the Maritime Drug Law Act in Light of *United States v. Bellaizac-Hurtado*"

Relying again on *United States v. Bellaizac-Hurtado*, Petitioner contends that he is innocent because Congress exceeded its constitutional authority in enacting the MDLEA and therefore the district court was without jurisdiction. Petitioner's argument is essentially that his drug trafficking activities did not constitute a crime because Congress did not have the authority to proscribe drug trafficking on the high seas. This contention lacks arguable merit.

Petitioner is correct that a grant of jurisdiction by Congress to the district courts extends only to offenses against the laws of the United States. *United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir. 2013) ("If an indictment fails to charge such an offense, then a court has no basis for exercising jurisdiction."). If Petitioner is correct that enactment of the MDLEA exceeded Congress's constitutional authority, he was convicted of a non-offense over which the district court had no jurisdiction. *See United States v. Meacham*, 626 F.2d 503 (5th Cir. 1980); *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002). That is simply not the case, however.

As noted, controlling precedent in this Circuit has expressly rejected the claim that enactment of the MDLEA exceeded Congress's constitutional authority. *United States v. Estupinan, supra.* Petitioner can therefore make no showing of lack of jurisdiction or actual innocence. And to the extent Petitioner's makes an "as applied" challenge to the MDLEA, for the reasons discussed with respect to Ground One, that claim has no merit. Moreover, by pleading guilty, Petitioner waived any "as applied" challenge. *United States v. Feaster*, 394 Fed. Appx. 561, 564 (11th Cir. 2010), *cert.*

*denied*, 131 S.Ct. 968 (2010).

### Ground Three

Ground Three:     "Trial counsel rendered ineffective assistance of counsel for failing to raise above issues One and Two"

Petitioner contends that his attorney was ineffective in not challenging the constitutionality of the MDLEA. Again relying on the holding in *Bellaizac-Hurtado*, Petitioner contends that the district court lacked jurisdiction, he is actually innocent of the charges in the Indictment, and if his attorney had challenged the constitutionality of the MDLEA he "would have prevailed" and "would not have plead [sic] guilty." (CV Dkt. 2, p. 10).

This claim of pre-plea ineffective assistance is plainly refuted by the record and can be summarily denied because an attorney is not ineffective in failing to anticipate a change in the law or in failing to raise a meritless claim.

To demonstrate ineffective assistance of counsel, Petitioner must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984):

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(citing *Strickland*, 466 U.S. at 687).

Petitioner's plea colloquy demonstrates that his guilty plea was knowing and voluntary (CR Dkt. 156). By pleading guilty, Petitioner waived all non-jurisdictional challenges to his conviction,

including pre-plea ineffective assistance of counsel, which do not relate to the decision to plead guilty, *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992), as well as any "as applied" challenge to the MDLEA. *United States v. Feaster, supra*. "Once a guilty plea is made, nonjurisdictional challenges to a conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B, 1981). Petitioner makes no claim that anything his attorney did or failed to do undermined the knowing and voluntary nature of his guilty plea.

Petitioner's complaint about his attorney's failure to challenge the MDLEA is not about Petitioner's decision to plead guilty and could not have undermined the knowing and voluntary nature of his guilty plea. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Hutchins v. Secretary for Dept. of Corrections*, 273 Fed.Appx. 777, 778 (11th Cir. 2008). Rather, any alleged deficiency in counsel's performance was subsumed within the decision to plead guilty.

Petitioner is essentially complaining that his attorney was ineffective in failing to anticipate a change in the law resulting from *Bellaizac-Hurtado*. Generally, however, an attorney does not render ineffective assistance in failing to anticipate changes in the law. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *United States v. Levy*, 391 F.3d 1327, 1334 (11th Cir. 2004). Nor is an attorney ineffective in failing to raise a meritless contention. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *Ladd v. Jones,* 864 F.2d 108, 110 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). As noted, controlling precedent in this Circuit had expressly rejected the claim Petitioner contends his attorney should have raised, that Congress exceeded its constitutional authority in enacting the MDLEA.

Even if counsel should have challenged the constitutionality of the MDLEA or raised an "as applied" challenge to the MDLEA, Petitioner cannot establish that he was prejudiced. As discussed, at the time of his guilty plea, the law of this Circuit would not have supported a constitutional challenge to the MDLEA. And even if Petitioner's attorney had anticipated the holding in *Bellaizac-Hurtado* and made an "as applied" challenge to the MDLEA,, that challenge would have failed because, as discussed, Petitioner's vessel was interdicted in international waters.

Accordingly, Petitioner cannot, therefore, show that his attorney's performance, even if deficient, prejudiced him. Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995). Ground Three accordingly has no merit.

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** this _8^th_ day of March, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record